IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA FORTLAGE,                          No   C-08-03406 VRW

    Plaintiff,                           ORDER

    v

HELLER EHRMAN LLP, HELLER EHRMAN
LONG-TERM DISABILITY PLAN, UNUM
LIFE INSURANCE COMPANY,

    Defendants.
_____/

        In order to expedite these proceedings, the court on June 4, 2009 referred this ERISA matter to a United States magistrate judge for "proposed findings of fact and recommendations for the disposition pursuant to 28 USC § 636(b)(1)(B)." Doc #55. Defendant now "declines to consent to the assignment of this case to a United States Magistrate Judge for evidentiary hearing." Doc #56. The reference contemplated by the June 4 order does not

require consent for the magistrate judge to review the administrative record and consider, if appropriate, additional evidence.

Section 636(b)(1)(A) provides for non-consensual reference of "any pretrial matter" to a magistrate judge, but excepts therefrom certain dispositive and equitable matters. As to the excepted matters, a magistrate judge may be designated to "conduct hearings" and "to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by the judge of the court," of such matters. 28 USC § 636(b)(1)(B). Although the list of exceptions in § 636(b)(1)(A) does not expressly refer to FRCP 52, under which the parties here seek to proceed, Doc #53, the list of exceptions is not exhaustive. <u>United States v Rivera-Guerrero</u>, 377 F3d 1064, 1068 (9th Cir 2004).

In preparing proposed findings of fact and recommendations, the magistrate judge may — if necessary — conduct an evidentiary hearing. As the matters excepted in § 636(b)(1)(A) may be dispositive — for example, judgment on the pleadings, summary judgment, dismiss or quash an indictment — it follows that the magistrate judge may recommend that the district judge dispose of the case on some factual or legal basis. Proposed findings and recommendations for a Rule 52 proceeding are closely analogous to a summary judgment motion and other pretrial matters expressly excepted in section 636(b)(1)(A). See <u>Pinkston v Madry</u>, 440 F3d 879 (7th Cir 2006).

In any event, the disposition of the matter will not occur by virtue of the magistrate judge's recommendations. Rather, any of the magistrate judge's proposed findings or recommendations

2

1 objected to by one of the parties will be determined de novo by the
2 district judge who will enter the dispositive order (and may, if
3 necessary, hear further argument and evidentiary proceedings).  See
4 28 USC § 656(b)(1)(C).
5     Accordingly, the matter is RE-COMMITTED to Chief
6 Magistrate Judge Larson or his designee to proceed in accordance
7 with the court's June 4, 2009 order (Doc #55).

9     IT IS SO ORDERED.

```
                              _____
                              VAUGHN R WALKER
                              United States District Chief Judge
```