IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PATRICIA FORTLAGE,                              No   C 08-3406 VRW

      Plaintiff,

      v

HELLER EHRMAN, LLP; HELLER EHRMAN
LONG-TERM DISABILITY PLAN and
UNITED MUTUAL LIFE INSURANCE CO
OF AMERICA,

      Defendant.
_____/

      In the above-captioned ERISA action case for long-term disability benefits, plaintiff Patricia Fortlage raises several objections to the magistrate's report and recommendation of proposed findings of fact and conclusions of law addressing the parties' cross-motions for judgment. Doc ##77, 81. For the reasons that follow, the court SUSTAINS IN PART plaintiff's objections, DECLINES TO RULE on the remainder of plaintiff's objections and REMANDS the claim to United Mutual Life Insurance Company ["UNUM"], real party in interest, for further consideration.

I

Plaintiff contends that she is disabled as a result of various medical impairments, including ocular myasthenia gravis or a left cranial nerve palsy (a visual impairment), neurocardiogenic syncope (a heart condition) and Sjogren's disease (an autoimmune disorder). Plaintiff alleges that defendant, the Heller Ehrman Long-Term Disability Plan, and the administrator of the plan, UNUM, improperly denied the plaintiff disability benefits. This court referred the parties' cross-motions for judgment, Doc ##29 & 38, to a magistrate for proposed findings of fact and recommendations. Doc #72. Pursuant to the court's referral, the magistrate conducted a hearing on November 17, 2009, Doc #76, at which plaintiff clarified that she believed Sjogren's disease to be the unifying diagnosis for all of her symptoms, including her alleged visual and heart problems and fatigue. After considering the arguments of the parties, and reviewing the parties' submissions and all other evidence of record, the magistrate submitted a report and recommendation that judgment be entered in favor of defendant. Doc #77.

II

Pursuant to 28 USC § 636(b)(1)(B), a district judge may designate a magistrate judge to hear and file a recommendation for disposition of matters dispositive of a party's claims or defenses, and a party objecting to the recommendation may file a timely objection. See <u>Estate of Conners by Meredith v O'Connor</u>, 6 F3d 656, 658 (9th Cir 1993). After receiving the magistrate's report

and recommendation the district judge must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 USC § 636(b)(1)(C).

### III

Plaintiff makes several objections to Magistrate Judge Chen's report and recommendation. Doc #81. The court first considers plaintiff's objection to the magistrate's recommendation not to remand the matter to UNUM for further consideration.

In his report and recommendation, the magistrate found that UNUM violated ERISA procedures when it failed to submit a 2008 report by Dr Carteron to UNUM's medical department for review. Doc #77 at 47. The magistrate, however, did not find it necessary to remand the matter back to UNUM for consideration of the report:

> In the instant case, the Court concludes that a remand is not necessary. At best, the June 2008 report of Dr. Carteron, which found, inter alia, a multi-system inflammatory autoimmune disorder responsible for the cardiogenic syncopy, might affect the conclusion that Ms. Fortlage's conditions were pre-existing. Dr. Carteron's diagnosis, if correct, would establish that Ms. Fortlage's conditions were attributable to a new disease (i.e., an autoimmune disorder rather than pre-existing anxiety causing her cardiogenic syncopy) for which she had not been treated during the look back period.
>
> But, as noted above, Unum Life denied benefits also because it found that Ms. Fortlage's symptoms did not prevent her from working with reasonable restrictions and limitations. While Ms. Fortlage focuses on the new diagnosis of Sjogren's as a cause of her symptoms, she fails to show how this diagnosis would alter Unum Life's conclusion that those impairments were not disabling. The same exact symptoms and the correlative restrictions and limitations allowing her to work would obtain

3

> even if the new diagnosis were accepted. In short, the new diagnosis is immaterial to the independent basis of Unum Life's denial – that Ms. Fortlage was not disabled under the policy. Hence, remand would serve no purpose, and the Court shall decide for itself whether the denial of benefits was proper itself based on all the evidence of record, including the new evidence.

Id at 49-50.

The magistrate correctly noted that, under Ninth Circuit ERISA law, "the usual remedy for a violation of [section] 1133 is to remand to the plan administrator so the claimant gets the benefit of a full and fair review." Chuck v Hewlett Packard Co, 455 F3d 1026, 1035 (9th Cir 2006) (internal quotation omitted); see also Lafleur v La Health Serv & Indem Co, 563 F3d 148, 157-58 (5th Cir 2009); Shelby County Health Care Corp v Majestic Star Casino, LLC Group Health Ben Plan, 581 F3d 355, 373 (6th Cir 2009); Krauss v Oxford Health Plans, Inc, 517 F3d 614, 630 (2d Cir 2008); Gagliano v Reliance Std Life Ins Co, 547 F3d 230, 240 (4th Cir 2008); Caldwell v Life Ins Co of N Am, 287 F3d 1276, 1288 (10th Cir 2002). The "usual remedy" of remanding the action for further consideration of the plan administrator, established by Chuck, was undisturbed by the decision in Abatie one month later, which held:

> When a plan administrator has failed to follow a procedural requirement of ERISA, the court may have to consider evidence outside the administrative record. For example, if the administrator did not provide a full and fair hearing, as required by ERISA, 29 U.S.C. § 1133(2), the court must be in a position to assess the effect of that failure and, before it can do so, must permit the participant to present additional evidence. We follow the Sixth Circuit in holding that, when an administrator has engaged in a procedural irregularity that has affected the administrative review, the district court should "reconsider [the denial of benefits] after [the plan participant] has been given the opportunity to submit additional evidence." VanderKlok v. Provident Life & Accident Ins. Co., 956 F.2d 610, 617 (6th Cir. 1992).
> As we noted earlier, if the plan administrator's procedural

**4**

> defalcations are flagrant, de novo review applies. And as we also noted, when de novo review applies, the court is not limited to the administrative record and may take additional evidence.
> Even when procedural irregularities are smaller, though, and abuse of discretion review applies, the court may take additional evidence when the irregularities have prevented full development of the administrative record. In that way the court may, in essence, recreate what the administrative record would have been had the procedure been correct.

<u>Abatie v Alta Health & Life Ins Co</u>, 458 F3d 955, 973 (9th Cir 2006) (finding that the district court erred by not considering new evidence submitted by plaintiff). Similarly, the Ninth Circuit has found error where the district court did not give the plaintiff a "fair chance to present evidence on [a] point." <u>Saffon v Wells Fargo & Co Long Term Disability Plan</u>, 522 F3d 863, 871 (9th Cir 2008).

      For the reasons stated in the magistrate's order, Doc #77, UNUM's decision not to submit Dr Carteron's report to its medical department for review was a clear procedural violation. This procedural violation provided the magistrate with the option to consider evidence outside of the administrative record, or to remand to UNUM for further consideration.

      While the magistrate, after considering the effect of the Carteron report on plaintiff's claim, found that remand was unnecessary, Doc #77 at 49, the court sees no reason to depart from the Ninth Circuit's preferred "usual remedy" in this case. See <u>Chuck</u>, 455 F3d at 1035. Such a departure might be appropriate in several situations, including one in which the new evidence unequivocally supports the court's ultimate decision. That is to say, where a party succeeds on the administrative record, it would

be a waste of time and resources to remand the case for further consideration of that party's new, favorable medical evidence. That is not the case here, where the magistrate recommends for the court to consider (allegedly) plaintiff-friendly evidence but nonetheless to grant defendant's motion for judgment. The court, therefore, following the Ninth Circuit's preferred "usual remedy," Chuck, 455 F3d at 1035, SUSTAINS plaintiff's objection and REMANDS the action to UNUM for further consideration.

IV

Because the court sustains plaintiff's objection and REMANDS to UNUM for consideration of the Carteron report, it DECLINES TO RULE on plaintiff's remaining objections.

V

As the Supreme Court recently reiterated, "ERISA law [is] already complicated enough without adding special procedural or evidentiary rules to the mix." Conkright v Frommert, ___ US ___, 5 (2010) (slip op) (citation and internal quotation omitted). When, a plan administrator (or here, a plan's clerical staff) makes a simple mistake, the plan remains entitled to deference. Id at 5-6. This court, however, would face a difficult challenge evaluating plaintiff's claims through such a deferential lense, while, at the same time, independently scrutinizing the Carteron report. It is thus appropriate, rather than to substitute its judgment for that of the plan administrator or, perhaps more accurately, to adopt the plan's post hoc rationales for why the Carteron report is of no

6

value, for the court to follow the Ninth Circuit's preferred "usual remedy" in such circumstances and to remand the file for further consideration for a full an fair review.

Accordingly, the court SUSTAINS plaintiff's objections IN PART, DECLINES TO RULE on the remainder of plaintiff's objections and REMANDS the case to UNUM for full and fair review of the administrative record supplemented by the Carteron report.  The clerk is directed to close the file administratively.

IT IS SO ORDERED

*[signature]*

**VAUGHN R WALKER**
United States District Chief Judge