# GREEN & HUMBERT

ATTORNEYS AT LAW

Horace W. Green
C. Mark Humbert
Patrick Foley, Of Counsel
Zhong Lei, Legal Assistant

The Mills Building
220 Montgomery Street, Suite 1418
San Francisco, California 94104
Telephone: (415) 837-5433  Facsimile: (415) 837-0127
www.lifehealthlaw.com

**Horace W. Green**
horaceg@lifehealthlaw.com

May 2, 2011

**Via Courier**

The Honorable Donna M. Ryu
UNITED STATES MAGISTRATE JUDGE
1301 Clay Street
Oakland, CA 94610

> **Re:   Fortlage v. Heller Ehrman, et al.**
> **Case No.:  C08-03406 SBA (DMR)**

Dear Judge Ryu:

Pursuant to the Court's April 19, 2011 Order, the parties are writing to the Court regarding the discovery dispute in the above-captioned action.

### Issue: Is Plaintiff Entitled To Take Discovery In This Case?

## A. DEFENDANT'S POSITION

The initial Case Management Conference in this action took place on October 16, 2008 before Judge Walker.  The Order which followed set deadlines for mediation, and for hearing on dispositive motions.   There was no discovery conference presided over by the Court, and no discovery plan was agreed upon at that time.

Subsequently, the parties filed cross-motions for judgment under Rule 52, FRCP.  By Order dated June 2, 2009, the Court requested confirmation that the parties agreed to a bench trial on the administrative record in which the Court would make credibility determinations in issuing the findings required under Rule 52.  By letter dated June 3, 2009, the parties confirmed that they were indeed asking the Court to conduct a bench trial on the administrative record.  Accordingly, the Court file reflects that a bench trial took place on November 17, 2009.  Plaintiff did not serve any discovery prior to the bench trial.  After the trial, Magistrate Judge Edward M. Chen issued a lengthy opinion addressing all of the issues raised by Plaintiff (including conflict of interest and abuse of discretion), and proposing findings of fact and conclusions of law.

Page 2                                                         GREEN & HUMBERT
The Honorable Donna M. Ryu
UNITED STATES MAGISTRATE JUDGE
May 2, 2011

has now been completed. However, the file does not contain any Order of the Court allowing for post-trial discovery, and there is no written discovery plan on file pursuant to Rule 26 (f), FRCP. In the absence of any such Order or Plan, post-trial discovery is not appropriate in this action. Moreover, the Court, by Order dated June 16, 2010, denied Plaintiff's motion to re-open the administrative record and allow for the submission of additional evidence. Because the administrative record is closed, no additional evidence (such as that sought by Plaintiff's discovery requests) may be admitted, and therefore Plaintiff's interrogatories and document requests are not appropriate because they cannot lead to the discovery of admissible evidence. Third and finally, conducting discovery at this late stage of the proceedings runs contrary to ERISA's stated goal of efficient and economical resolution of benefits disputes.

In *Abatie v. Alta Health & Life Ins. Co.,* 455 F.3d 955 (9th Cir. 2006) the Ninth Circuit reiterated that "a district court may review only the administrative record when considering whether the plan administrator abused its discretion . . . " *Id.* at 970. The Court recognized the existence of a limited exception to this rule: a district court "may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest." *Id.* However, the propriety of using discovery to obtain such evidence must be balanced against the primary goal of ERISA to provide a means for workers and beneficiaries to resolve disputes over benefits inexpensively and expeditiously. *Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan, 410 F.3d 1173, 1178 (9th Cir. 2005)*; *Taft v. Equitable Life Assurance Soc'y, 9 F.3d 1469, 1472 (9th Cir.1993)*; 1974 *U.S. Code Cong. & Admin. News* 4639, 5000. "Extensive discovery conflicts with that purpose." *Wilcox v. Metropolitan Life Ins. Co.,* 2009 U.S. Dist. LEXIS 2977, *6 (D.AZ 2009).

From the outset of this case, Plaintiff has been aware of Defendants' position that the abuse of discretion standard of review applies in this action. Prior to trial, Plaintiff had ample opportunity to seek to undertake discovery regarding Unum's dual role as claims review entity and benefits payor. However, Plaintiff did not serve any pre-trial discovery, evidencing that lack of need for this information in order to seek Judgment in her favor. Plaintiff has provided no explanation as to why this information is needed now when she did not seek it before trial.

Under similar circumstances, the Eastern District of California denied a claimant's request to do late discovery. *Chadwick v. Metropolitan Life Ins. Co.,* 498 F.Supp.2d 1309 (E.D. Cal. 2007). In *Chadwick,* the claimant waited until after the Plan moved for summary judgment to request discovery regarding the structural conflict of interest. The Court denied the request, noting that the claimant failed to show why she had not requested the information in a timely manner:

> [D]uring the discovery period plaintiff knew of the issues she now raises in her opposition . . . plaintiff was well aware of defendant's position that it had full

> discretionary authority in reviewing her claim from the outset of the action or, at a minimum, since December 2006. Yet, plaintiff conducted no discovery regarding defendant's alleged bias during the discovery period and did not request an extension of the deadline. Indeed, even now she presents no explanation for why she failed to seek the information she claims is necessary to a fair adjudication of this action.

Id. at 1315.

Similarly, in this case the record is closed, and the Court's remaining tasks are to rule on Plaintiff's remaining objections to Magistrate Chen's Proposed Findings of Fact and Conclusions of Law. The Court has already ruled on the existence, nature, and effect of the structural conflict of interest on the benefits decision. The *only* reason why discovery would be appropriate would be to allow Plaintiff to re-litigate these issues, which not only runs counter to the concept of finality of decisions but also to the concept of efficient, cost effective resolution of claims disputes.

For these reasons, Defendant submits that Plaintiff should not be allowed to run up the costs of litigation in order to attempt to take a second bite at the apple. However, as a compromise proposal, Defendants submit that any discovery allowed be limited to the time frame involved in the post-remand appeal (April 27-August 10, 2010), and be further limited to those individuals who were involved in that appeal process.

## B.    PLAINTIFF'S POSITION

Before this matter was referred to Magistrate Judge Ryu, Plaintiff filed a comprehensive Motion to Compel, with a detailed statement of the facts and law showing that Fortlage was entitled to conduct discovery under FRCP Rule 26(b)(1) and that Unum's objections were improper and untimely. We trust this Court will not disregard those motion papers in the belief the parties dispute can be boiled down to a few paragraphs here. Nevertheless, we will attempt to summarize the main points.

In essence, Unum is attempting to achieve here what it could not do before Judge Walker—namely, to avoid discovery into its conflict of interest and the bias of its medical reviewers, and limit the issues to those raised in a review of Magistrate Judge Chen's Report, issued before Judge Walker set aside Unum's prior decision and remanded the matter to Unum for a new "full and fair" review. Unum's contentions were fully discussed in the parties' Joint Status Report filed November 23, 2010 (Dkt. 103) and at the Case Management Conference with Judge Walker on November 30, 2010 (Dkt. 104). Judge Walker decided to set the matter for a new dispositive motion hearing, and set no limits on Plaintiff's discovery.

Page 4                                         GREEN & HUMBERT
The Honorable Donna M. Ryu
UNITED STATES MAGISTRATE JUDGE
May 2, 2011

Unum's portion of this Joint Letter repeats almost verbatim its initial letter to us, objecting to our discovery on the grounds that it is "post-trial" discovery without any Order from Judge Walker approving it. (See, Decl. of Geoffrey White, Dkt. 108, Exh. 3) We responded in detail by letter of March 22, 2011 (Id., Exh. 4). In pertinent part, we explained,

> You have raised essentially two objections to these discovery requests. First, you contend that there is no Order of the Court allowing for "post-trial discovery," and no written discovery plan. Your objection studiously ignores the parties' Joint Status Conference Statement, filed November 23, 2010, and the Status Conference held with Judge Walker on November 30, 2010. Second, Defendants object that discovery should be precluded because the "administrative record" is closed, but you ignore Defendants' own request to supplement that "administrative record" with the documents from Defendants' review after Judge Walker's Order of Remand. [Joint Status Conference Statement at 5:24-6:1]. Let me review the pertinent facts which your letter has omitted. …
>
> At the Status Conference on November 30, 2010, we specifically discussed before Judge Walker your contention that the parties only needed to address the remaining issues from the Magistrate's Report and Recommendations. As indicated in the Joint Status Report, I told Judge Walker that we needed further discovery to be able to demonstrate Unum's conflict of interest and bias, as well as to determine the extent to which Unum Group, and not Unum Life Ins. Co. had actually made the decision on the appeal, and thus did not have any discretion. You opposed any discovery, and requested the Court to set a dispositive motion date approximately 30 days hence. I objected, and stated that I could not possibly meet that deadline. You then indicated that the Court should entertain a motion for leave to conduct discovery, and I stated that after Metropolitan Life Ins. Co. v. Glenn, courts generally had not required leave to conduct discovery, but allowed discovery to proceed under the general rules. Accordingly, Judge Walker did not require leave of Court, and set the date for dispositive motions for June, 2011, to allow Plaintiff sufficient time to conduct necessary discovery….
>
> In sum, the discussion at the Status Conference, and the Court's Order setting the dispositive motion dates seven months away, confirms that no further Order was required to permit discovery. Because the Court set further Motions for Judgment, there will indeed be a second "trial" on the administrative record and therefore we do not seek "post-trial discovery." As you well know, discovery regarding the conflict of interest, bias, credibility and discretion granted to Unum are all issues on which evidence outside the administrative record is routinely admitted, under Abatie.

Unum then took the position that Fortlage's discovery was barred because there was no discovery conference under Rule 26(f) and because Judge Walker had not issued an order permitting discovery. (Dkt. 108, Exh. 5). We responded by letter of March 29, 2011, stating that the parties had discovery conferences in 2008 before the first Motion for Judgment, and before the Case Management Conference in November 2010 following the remand to Unum. (Id., Exh. 8). As I stated in that letter, "Because Judge Walker did not limit discovery, despite your objections, the Rules permit the parties to proceed under the general discovery limits. FRCP Rule 26(b)(1)." (Ibid. at 2). In reply, Unum re-stated its position: "My client's position is that under ERISA plaintiff is required to obtain leave of court before conducting discovery…" and that Fortlage had not done so. (emphasis added) (Dkt. 108, Exh. 9, pg. 2)

Unum has provided no authority to support its position that leave of court is required here. In Wilcox v. Metropolitan Life Ins. Co. 2009 U.S. Dist.LEXIS 2977 at *8 (D.Ariz. January 8, 2009), the Ninth Circuit had ordered the District Court to re-consider its previous order denying all discovery. The District Court discussed the parties' positions concerning the appropriate scope of discovery in ERISA benefits disputes, and held that plaintiff could conduct discovery into 4 specific areas. This decision supports Fortlage's position, and was followed by Chief Magistrate Judge James in enforcing virtually the same discovery

Page 5                                                          GREEN & HUMBERT
The Honorable Donna M. Ryu
UNITED STATES MAGISTRATE JUDGE
May 2, 2011

requests Fortlage seeks here, in Zewdu v. Citigroup LTD Plan, 264 F.R.D. 622, 626-27
(N.D. Cal. 2010) (see, Motion to Compel at 4-5 (Dkt. 107). Neither Wilcox nor Zewdu
required any leave before conducting discovery, but only reviewed the scope of permissible
inquiry. As we advised Judge Walker in the Case Management Conference, after
Metropolitan Life Ins. Co. v. Glenn, 128 S.Ct. 2343, 2351 (2008), no such "special
procedural or evidentiary rules" are necessary in ERISA matters.

        If Unum truly believed that discovery was not permitted here, it should have filed a
motion for protective order or made timely objections on that basis. It did neither. Its belated
objections now should not be entertained.

        Finally, Unum's attempt at a "compromise proposal" is wholly inadequate. As we
explained in the Joint Status Report to Judge Walker, Unum's review during the two
remands Judge Walker ordered after the first bench trial used similar tactics and related
personnel to those used in the original appeal denial. (Dkt. 103 at 2-5). In order to show
abuse of discretion in these related reviews at the second bench trial Judge Walker
scheduled, it appears necessary for Fortlage to demonstrate that Unum's arbitrariness
"tainted the entire administrative decisionmaking process". Finley v. Hartford Life & Acc. Ins.
Co., 2010 U.S. App. LEXIS 21509 at *4-5 (9th Cir. October 19, 2010)(quoting Montour v.
Hartford Life & Acc. Ins. Co., 588 F.3d 623, 631 (9th Cir. 2009). Thus, Fortlage's discovery is
not only properly focused as required in Zewdu, but also highly relevant to show Unum's
pattern and practice of "manipulating the medical review process." (Decl. of Geoffrey White,
(Dkt. 108), Exh. 4 at pg. 2).

        Because Judge Walker did not impose any requirement of leave of Court to conduct
discovery, and because Unum failed to make any timely motion for protective order or
objection to our discovery, this Court should not reward Unum's delay and obstruction by
entertaining its objections now.

                                Very truly yours,

                                /S/
                                Horace W. Green
                                Geoffrey V. White

HWG/GVW