UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FORTLAGE, | No. C-08-03406 DMR |
| Plaintiff, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL RESPONSES TO DISCOVERY REQUESTS** |
| v. | |
| HELLER EHRMAN LLP ET AL, | |
| Defendants. | |

Before the Court in this ERISA action is the parties' May 4, 2011 joint discovery letter setting forth the dispute regarding Plaintiff's motion to compel responses to discovery requests directed to the issue of structural conflict of interest. *See* Docket No. 120. The Court conducted a hearing on May 6, 2011, during which the parties were given an opportunity to present their arguments. This Order summarizes the rulings made by the Court on the record during the hearing.

Plaintiff filed this action for review of Defendant Unum's denial of her appeal for long-term disability benefits. In March 2009, the parties filed cross-motions for judgment, which were referred for a bench trial by Magistrate Judge Edward Chen. Judge Chen conducted the bench trial on November 17, 2009 and issued an extensive and detailed report on December 18, 2009 recommending that Unum's denial be upheld. *See* Docket No. 77. Plaintiff filed timely objections to the report. On April 27, 2010, District Judge Vaughn Walker issued an order sustaining one of Plaintiff's objections (*see* Docket No. 85) and remanded the case to Unum for a "full and fair review

of the administrative record supplemented by the Carteron report." *See* Docket No. 98. Judge Walker declined to rule on the remaining objections to Judge Chen's report. *See* Docket No. 85. Unum conducted the post-remand review and reaffirmed its denial of Plaintiff's benefits. This case subsequently was reassigned to District Judge Saundra Brown Armstrong. *See* Docket No. 105.

Plaintiff has now served interrogatories and requests for production directed at the question of structural conflict of interest. These discovery requests appear to cover the period of Unum's initial review of Plaintiff's claim as well as the post-remand review ordered by Judge Walker. At oral argument, Plaintiff conceded that she had not sought to propound such discovery prior to the bench trial, and that she was not in any way prevented from doing so.

ERISA law recognizes that a structural conflict of interest exists where, as here, the defendant acts as both the insurer and the administrator of the plan. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112 (2008) ("a plan administrator [that] both evaluates claims for benefits and pays benefits claims creates [a] 'conflict of interest'"). It may be appropriate in certain circumstances for the parties to engage in discovery to explore a structural conflict issue. "[A] district court may, in its discretion, consider evidence outside the administrative record to decide the nature, extent, and effect on the decision-making process of any conflict of interest . . ." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 970 (9th Cir. 2006); *see also Zewdu v. Citigroup Long-Term Disability Plan*, 264 F.R.D. 622, 627-629 (N.D. Cal. 2010) (compelling discovery targeted to reveal the nature and extent of the conflict).

In this case, Plaintiff has identified some specific problems with the post-remand review. *See* Docket No. 103. The discovery requests propounded by Plaintiff appear to be "narrowly tailored" to conflict issues, rather than amounting to a "fishing expedition." *Zewdu*, 264 F.R.D. at 626. Plaintiff's motion is granted to the extent that it seeks to compel responses to such discovery. However, the motion is partially denied to the extent it seeks discovery that could have been propounded before the bench trial. Plaintiff had a full opportunity to pursue such discovery before the trial, but failed to do so. Permitting discovery in such circumstances would contravene a primary goal of ERISA, "which endeavors 'to provide a method for workers and beneficiaries to

1  resolve disputes over benefits inexpensively and expeditiously.'" *Boyd v. Bert Bell/Pete Rozelle*
2  *NFL Players Ret. Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005).

3  Plaintiff's discovery requests shall be limited as follows. The requests may only seek information pertaining to individuals involved in the post-remand review. To the extent the requests seek historical information -- for example, requests related to compensation paid to a reviewing doctor, the number of claims handled by the doctor, the number of claims approved by the doctor, and the doctor's performance evaluation -- the temporal scope of discovery shall be limited to January 1, 2008 through August 10, 2010, which is the date that Unum completed the post-remand review. To the extent that discovery requests seek guidelines or policies relating to claim review, or general service agreements, such requests are further limited to the period of the post-remand review (April 2010 through August 2010).

As the Court only ordered briefing on the threshold question of whether Plaintiff was entitled to propound discovery, the parties are ordered to meet and confer on any objections to specific requests that are not addressed by this Order. Any remaining disputes must be submitted to the Court by joint letter no later than May 16, 2011. Unum shall respond to the discovery by June 6, 2011. Plaintiff's motion for sanctions is denied.

IT IS SO ORDERED.

Dated: May 9, 2011

DONNA M. RYU
United States Magistrate Judge